ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT

2006 MAR 29  PM 2: 28

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

CLERK _____
SO. DIST. OF GA.

MARSHALL JOHN DISNEY,    )
                         )
        Plaintiff,       )
                         )
v.                       )        CV 305-139
                         )
STATE OF GEORGIA, et al.,)
                         )
        Defendants.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate confined at Lee State Prison in Leesburg, Georgia, commenced

the above-captioned case pursuant to 42 U.S.C. § 1983. As Plaintiff's § 1983 complaint was

filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v.

Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must

be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the

Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails

to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.[1]  For the following

reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without

prejudice because Plaintiff has failed to exhaust available administrative remedies as to all

of his claims.

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay the initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $250.00 filing fee.

## I.  BACKGROUND

*Liberally* construing Plaintiff's filings, the Court finds the following.  Plaintiff filed his original complaint on October 6, 2005; he then filed an amended complaint on January 9, 2006.  (Doc. nos. 1 & 7).  In these documents, Plaintiff complains about a host of prison conditions and occurrences at both Johnson State Prison (Plaintiff's former place of incarceration) and Lee State Prison[2] (his current place of incarceration) which he contends are violations of various constitutional provisions, such as the Eighth Amendment, and Title II of the Americans with Disabilities Act, 42 U.S. § 12131, *et seq*.  (See generally doc. nos. 1 & 7).  Of note in this case, Plaintiff avers that he has exhausted administrative remedies regarding his various claims, but admits that the administrative grievance process with regard to many of his claims is ongoing.

For example, in his original complaint, Plaintiff states that he has grievances and grievance appeals which "are pending."  (Doc. no. 1, pp. 3-4).  In his amended complaint, Plaintiff reiterates that he has grievances and appeals that "are presently pending."  (Doc. no. 7, p. 4).  In fact, Plaintiff provides that he filed three grievances which are "presently on appeal" and that one of his grievances was not filed until "November 23, 2005"--well after Plaintiff initiated this lawsuit by filing his original complaint.  (Id. at 13, 15, 16).  Furthermore, Plaintiff candidly admits that many of his claims are brought "without administrative remedies being initiated or completed."  (Id. at 8).  Plaintiff does not fully explain which claims he alleges are exhausted and which are not.  (See generally doc. nos. 1 & 7).

---

[2]It should perhaps be noted that Lee State Prison is in the Middle District of Georgia.

## II.   DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002).  Furthermore, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate.  Alexander v. Hawk, 159 F.3d 1231, 1325-26 (11th Cir. 1998).

To properly exhaust his claims, an inmate must satisfy any and all procedural requisites, including "administrative deadlines." Johnson v. Meadows, 418 F.3d 1152, 1154 (11th Cir. 2005), *petition for cert. filed* (U.S. Sept. 8, 2005)(No. 05-6336).  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  Id. at 1159.  Thus, in order to exhaust all available administrative remedies, an inmate must pursue an administrative appeal if his grievance is denied.  Moore v. Smith, 18 F. Supp.2d 1360, 1362 (N.D. Ga. 1998).  In addition, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit.  Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000)(*per curiam*); see also Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  Finally, in this Circuit, "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."

3

Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Here, Plaintiff candidly admits that he has not yet completed the administrative process with regard to many of his claims. Of course, as noted *supra*, the Court is aware that Plaintiff maintains that some of his claims have been exhausted. (See, e.g., doc. no 1., p. 4; doc. no. 7, p. 4). The result is a confusing mishmash of allegedly exhausted and unexhausted claims. This will not suffice.

Although the issue has not yet been addressed by the Eleventh Circuit, several courts have held that "'the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims.'" Rinard v. Luoma, No. 05-1150, __ F.3d __, 2006 WL 590360, at *1 (6th Cir. Mar. 13, 2006)(quoting Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005), *petition for cert. filed* (U.S. Jan. 9, 2006)(No. 05-0874)); see also Ross v. County of Bernalillo, 365 F.3d 1181, 1189-90 (10th Cir. 2004) & Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003). Of course, two of the Courts of Appeal have held that the PLRA does not require "total exhaustion" and that the district court should allow the exhausted claims in a "mixed" complaint to go forward. See Lira v. Herrera, 427 F.3d 1164, 1170-75 (9th Cir. 2005), *petition for cert. filed* (U.S. Jan. 6, 2006)(No. 05-0878); Ortiz v. McBride, 380 F.3d 649, 655-63 (2d Cir. 2004), *cert. denied* 543 U.S. 1187 (2005). For the following reasons, this Court agrees with the Sixth, Tenth, and Eighth Circuits' conclusion that the PLRA requires a prisoner to exhaust *all* of the claims in his complaint before filing suit.

Imposition of a "total exhaustion" rule in prisoner civil rights actions furthers the goals of the PLRA's exhaustion requirement. Section 1997e(a)'s goals are simple:

4

> 1) to avoid premature interruption of the administrative process; (2) to let the
> agency develop the necessary factual background upon which decisions
> should be based; (3) to permit the agency to exercise its discretion or apply
> its expertise; (4) to improve the efficiency of the administrative process; (5)
> to conserve scarce judicial resources, since the complaining party may be
> successful in vindicating rights in the administrative process and the courts
> may never have to intervene; (6) to give the agency a chance to discover and
> correct its own errors; and (7) to avoid the possibility that frequent and
> deliberate flouting of the administrative processes could weaken the
> effectiveness of an agency by encouraging people to ignore its procedures.

Johnson, 418 F.3d at 1156 (quoting Alexander, 159 F.3d at 1327).  Bearing these goals in

mind, it is clear that the principal purpose of § 1997e(a) is to afford prison officials the first

opportunity to resolve an inmate's claims.[3]  See id.

In this regard, the PLRA's exhaustion requirement may be fairly analogized to the

exhaustion requirements applicable to habeas corpus petitions.  Cf. Johnson, 418 F.3d at

1157-59 (analogizing § 1997e(a) with the exhaustion requirement in habeas cases to reason

that § 1997e(a) contains a procedural default component).  As the Sixth Circuit has

explained:

> The Supreme Court requires total exhaustion in habeas cases to allow state
> courts the first opportunity to solve prisoners' cases because they are arguably
> in a better position to analyze and solve the problems.  The PLRA, too, was
> enacted to allow state prison systems the first chance to solve problems
> relating to prison conditions.  Because both bodies of law were created for
> similar reasons, their exhaustion rules should be interpreted in a similar
> manner.

Bey, 407 F.3d at 807-08 (internal citation omitted).

In the habeas context, the Supreme Court has noted that "[a] rigorously enforced total

exhaustion rule will encourage state prisoners to seek full relief first from the state courts,

---

[3]In addition, the exhaustion requirement is meant to serve as a barrier to frivolous prisoner
lawsuits.  Johnson, 418 F.3d at 1157 (quoting Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004)).

thus giving those courts the first opportunity to review all claims of constitutional error."
Rose v. Lundy, 455 U.S. 509, 518-19 (1982). In addition to giving the state courts a first
opportunity to resolve a habeas petitioner's claims, the "total exhaustion" rule also ensures
that this opportunity is a "full and fair" one. O'Sullivan v. Boerckel, 526 U.S. 838, 845
(1999). Similarly, imposing a "total exhaustion" requirement in prisoner civil rights cases
will serve to encourage prisoners to seek full relief from the administrative process, and will
ensure that prison officials are actually afforded a fair chance to resolve all of a prisoner's
claims. Likewise, just as the "total exhaustion" rule in habeas cases "'protect[s] the state
courts' role in the enforcement of federal law and prevent[s] disruption of state judicial
proceedings,'" Duncan v. Walker, 533 U.S. 167, 179 (2001)(quoting Rose, 455 U.S. at 518),
imposing an analogous requirement in prisoner § 1983 cases will help to prevent "premature
interruption of the administrative process" and "to avoid the possibility that frequent and
deliberate flouting of the administrative processes could weaken the effectiveness of an
agency by encouraging people to ignore its procedures." Johnson, 418 F.3d at 1156 (quoting
Alexander, 159 F.3d at 1327).

Furthermore, imposing a "total exhaustion" requirement is especially appropriate in
this case, as it is difficult--if not impossible--to discern from Plaintiff's pleadings which
claims have arguably been exhausted and which he concedes are unexhausted. In imposing
a "total exhaustion" requirement in habeas cases, the Supreme Court noted that "[r]equiring
dismissal of petitions containing both exhausted and unexhausted claims will relieve the
district courts of the difficult if not impossible task of deciding when claims are related, and
will reduce the temptation to consider unexhausted claims." Rose, 455 U.S. at 519.

6

Similarly, imposing a "total exhaustion" requirement in this case will relieve the Court of the onerous task of sorting out Plaintiff's amalgamation of exhausted and unexhausted claims. See Ross, 365 F.3d at 1190.

In sum, the Court concludes that imposition of a "total exhaustion" requirement is appropriate and therefore that Plaintiff's complaint should be dismissed.

## III.   CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice because Plaintiff has failed to exhaust available administrative remedies as to all of his claims.

SO REPORTED and RECOMMENDED this 29th day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7