ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

2006 JUL 18 AM 10: 17

CLERK Cadams
SO. DIST. OF GA.

| | |
|---|---|
| MARSHALL JOHN DISNEY, | ) |
| Plaintiff, | ) |
| v. | ) CV 305-139 |
| STATE OF GEORGIA, et al., | ) |
| Defendants. | ) |

O R D E R

Upon careful, *de novo* review, the Court concurs with the Report and Recommendation of the United States Magistrate Judge to which objections have been filed. The Magistrate Judge recommended that Plaintiff's suit be dismissed for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). After noting Plaintiff's admission that many of his grievances were "pending" at the time he filed the instant complaint, the Magistrate Judge recommended adopting a so-called "total exhaustion" requirement and dismissing the instant suit. (Doc. no. 9 at 2, 4-7.)

In response, Plaintiff now argues that all of his claims were exhausted. (Doc. no. 13 at 3-4.) This assertion is directly contradicted by Plaintiff's complaint and amended complaint. In these documents, Plaintiff explains: 1) many of his grievances were still "pending" at the time he initiated

this suit, and 2) still other grievances were not filed until after Plaintiff initiated suit. (Doc. no. 1 at 3-4, 11; doc. no. 7 at 4, 8, 13-16.) In fact, in his original complaint, Plaintiff indicated his desire to "update" his complaint upon completion of the exhaustion process. (Doc. no. 1 at 12.) Of note, Plaintiff's complaint and amended complaint are verified documents entered under penalty of perjury. (Doc. no. 1 at 17; doc. no. 7 at 23.)

As the Magistrate Judge observed, "because exhaustion of administrative remedies is a 'precondition' to filing an action in federal court, an inmate must complete the administrative process *before* initiating suit." (Doc. no. 9 at 3(citing Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000)(*per curiam*); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)).) The Magistrate Judge also correctly noted that, from Plaintiff's complaint and amended complaint, it is difficult to determine which of Plaintiff's claims were arguably exhausted prior to suit, and which were not. (See doc. no. 9 at 4, 6-7.) Consequently, the Magistrate Judge recommended imposition of a "total exhaustion" requirement to "relieve the Court of the onerous task of sorting out Plaintiff's amalgamation of exhausted and unexhausted claims." (Id. at 7.)

In making this recommendation, the Magistrate Judge followed the lead of the Sixth, Eighth, and Tenth Circuits.

2

(Id. at 4 (citing Rinard v. Luoma, 440 F.3d 361, 363 (6th Cir. 2006)(quoting Jones Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005), *petition for cert. filed* (U.S. Jan. 9, 2006)(No. 05-0874)); Ross v. County of Bernalillo, 365 F.3d 1181, 1189-90 (10th Cir. 2004); Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)).) The Magistrate Judge also acknowledged that the federal courts are evenly divided over the issue, but did not address the reasoning of those courts which have rejected a "total exhaustion" rule. (Id. at 4 (citing Lira v. Herrera, 427 F.3d 1164, 1170-75 (9th Cir. 2005) (rejecting "total exhaustion" rule), *petition for cert. filed*, (U.S. Jan. 6, 2006)(No. 05-0878); Ortiz v. McBride, 380 F.3d 649, 655-63 (2d Cir. 2004) (same), *cert. denied*, 543 U.S. 1187 (2005)).

As I also find the reasoning of the Sixth,[1] Eighth, and Tenth Circuits persuasive, I **ADOPT** the Magistrate Judge's recommendation. That said, given the federal courts' division regarding the question, I will explain the basis of my

---

[1] There is a conflict among the judges of the Sixth Circuit as to whether the "total exhaustion" rule espoused in Jones Bey contradicts prior Sixth Circuit precedent. *See* Rinard, 440 F.3d at 363 (following Jones Bey as "definitively answer[ing]" the total exhaustion "question"); *but see* Spencer v. Bouchard, 449 F.3d 721, 726 (6th Cir. 2006)(rejecting Jones Bey as in conflict with a prior panel opinion). Nevertheless, irrespective of whether Jones Bey is binding precedent in the Sixth Circuit, I find its reasoning persuasive.

3

decision.[2]

Those courts which require "total exhaustion" do so for two interrelated reasons: (1) requiring total exhaustion is consistent with the plain language and intent of § 1997e(a); and (2) because § 1997e(a) and the exhaustion requirements applicable in habeas cases "were created for similar reasons, their exhaustion rules should be interpreted in a similar manner." Jones Bey, 407 F.3d at 808; see also Woodford v. Ngo, 548 U.S. __, 2006 WL 1698937, at *4 (Jun. 22, 2006) (appropriate to look to habeas law "for guidance" in interpreting the PLRA). As the Magistrate Judge noted, there is a "'rigorously enforced total exhaustion rule'" in habeas cases. (Doc. no. 9, p. 5 (quoting Rose v. Lundy, 455 U.S. 509, 518-19 (1982)).) Thus, those courts which require total exhaustion in civil rights actions seek to "create[] comity between § 1983 claims and habeas corpus claims." Jones Bey, 407 F.3d at 807.

Both rationales are persuasive. To begin, § 1997e(a) provides that "no action" may be brought until administrative remedies are exhausted. 42 U.S.C. § 1997e(a). On the other hand, § 1997e(c)(2) empowers the Court to dismiss any facially meritless "claim," regardless of whether the claim has been

---

[2] I note that the Supreme Court has granted certiorari to resolve the issue. See Williams v. Overton, __, U.S. __, 126 S. Ct. 1463 (2006); Jones v. Bock, __ U.S. __, 126 S. Ct. 1462 (2006). Nevertheless, this Court will decide the issue before it.

exhausted. 42 U.S.C. § 1997e(c)(2). Congress's decision to require exhaustion as a prerequisite to the filing of the entire "action"--rather than merely the consideration of unexhausted "claims"--suggests that Congress intended the courts to apply a total exhaustion rule.[3]

In this regard, § 1997e resembles the language of the habeas corpus statute. Under 28 U.S.C. § 2254(b)(1)(A), the Court cannot grant habeas relief unless the applicant has exhausted state court remedies; however, the Court can deny a petition on the merits "notwithstanding the failure of the applicant to exhaust." 28 U.S.C. § 2254(b)(2). It is doubtful that this similarity is mere coincidence. The PLRA was "enacted contemporaneously with the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"), which amended § 2254 to include the language discussed above.[4] Woodford, 548 U.S. at __, 2006 WL 1698937, at *9.

Given the similarity between §§ 1997e and 2254, several courts of appeal, including the Eleventh Circuit, have relied

---

[3]See Jones Bey, 407 F.3d at 807 (citing Ross, 365 F.3d at 1190); see also Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam) ("[T]he plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims."); Tharp v. Justice, CV 505-006, 2006 WL 1677884, at *13 (E.D. Tex. Jun. 16, 2006) ("[T]he statute does not say that no *claim* which has not been exhausted may be brought, but that no *action* shall be brought until such administrative remedies as are available have been exhausted.").

[4]Actually, the AEDPA was "enacted two days after the PLRA." Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004).

5

(at least partially) upon habeas doctrine to conclude that "the PLRA's exhaustion requirement does contain a procedural default component." Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). On the other hand, those courts which reject applying procedural default rules to the PLRA also reject the notion that the exhaustion requirements in §§ 2254 and 1997e are analogous. See, e.g., Ngo v. Woodford, 403 F.3d 620, 630 (9th Cir. 2005) (rejecting application of procedural default rules to the PLRA), rev'd, Woodford, 548 U.S. at __, 2006 WL 1698937, at *13; Lira, 427 F.3d at 1173 ("any analogy to habeas corpus is unpersuasive").

However, the Supreme Court has recently approved the use of habeas doctrine as a source of guidance in interpreting the PLRA. Woodford, 548 U.S. at __, 2006 WL 1698937, at *4. Thus, the reasoning of those courts which reject the notion that the exhaustion requirements of §§ 1997e and 2254 are "substantively similar" has been severely undercut. Id. at *6. Rather, the PLRA's exhaustion requirement and habeas exhaustion rules serve parallel purposes.

"[I]nform[ed]" by habeas corpus law, id. at *13 (Breyer, J., concurring), the Supreme Court reasoned that requiring "proper exhaustion" would further the PLRA's goals of "eliminat[ing] unwarranted federal-court interference with the administration of prisons," "affor[ding] corrections officials time and opportunity to address complaints internally before

6

allowing the initiation of a federal case" and "reduc[ing] the quantity and improv[ing] the quality of prisoner suits." Id. at *7 (internal footnotes, citations, and quotations omitted); see also Johnson, 418 F.3d at 1156 (explaining policy goals of the PLRA). Accordingly, the Supreme Court approved the Eleventh Circuit's holding that the PLRA contains a procedural default component. Woodford, 548 U.S. at __, 2006 WL 1698937, at *7.

Thus, to the extent the exhaustion requirements of §§ 1997e and 2254 are underpinned by similar Congressional goals, it is appropriate to apply habeas exhaustion rules to the PLRA by analogy. Here, as the Magistrate Judge has explained, the policy goals which support requiring "proper exhaustion" in both the habeas and PLRA contexts also support requiring "total exhaustion" in both contexts  (Doc. no. 9 at 4-6.)

In habeas cases, the Supreme Court has explained that requiring "total exhaustion" is essential to ensuring not only that state prisoners give the State "the first opportunity" to review their claims, but that this opportunity is a "full and fair" one.  (Id. at 5-6 (quoting Rose, 455 U.S. at 518-19 & O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).) On the other hand, allowing habeas petitioners to engage in "piecemeal" litigation of "mixed" petitions would frustrate the purpose of the exhaustion requirement. Duncan v. Walker, 533 U.S. 167, 180 (2001).

Similarly, as explained above, the PLRA is intended to provide State prison officials a full opportunity to respond to a prisoner's complaint before a lawsuit is filed. Just as in the habeas context, allowing piecemeal litigation of "mixed" complaints is incompatible with this goal. Accordingly, the Court concludes that the PLRA requires "total exhaustion" of all the claims raised in a prisoner's suit. The Magistrate Judge's Report and Recommendation is **ADOPTED** as the Court's opinion, and this case is **DISMISSED** without prejudice for Plaintiff's failure to exhaust available administrative remedies as to all of his claims.[5]

**ORDER ENTERED** at Augusta, Georgia, this 18th day of July, 2006.

UNITED STATES DISTRICT JUDGE

---

[5] The Court recognizes the possibility that a prisoner could cure the defect of a "mixed" complaint by seeking leave to amend his complaint to state only exhausted claims. See Kozohorsky, 332 F.3d at 1144. However, Plaintiff has made no attempt to do so in this case; rather, he has made the facially meritless argument that all of his claims are in fact exhausted. Thus, the Court declines to address whether Plaintiff may amend his complaint to state only exhausted claims. Of course, I note that the instant complaint is dismissed without prejudice.

8